UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN THOMAS,

                Petitioner,

        -against-

MARK ROYCE,

                Respondent.

19-CV-6781 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition challenging his January 29, 2010 conviction in the New York Supreme Court, Bronx County. By order dated August 7, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time-barred.

**DISCUSSION**

**A.    Applicable Statute of Limitations**

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that on January 29, 2010, he was convicted in the New York Supreme Court, New York County. Court records indicate that on February 18, 2016, the New York Supreme Court Appellate Division, First Department, affirmed the conviction, *People v. Thomas*,

136 A.D.3d 550 (1st Dep't 2016), and the New York Court of Appeals denied leave to appeal on June 16, 2016, 27 N.Y.3d 1140 (2016). Petitioner's conviction consequently became final on September 15, 2016, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). He therefore had until September 15, 2017, to file this action. Petitioner placed this petition in the prison mail collection box on July 1, 2019, 654 days after the time to file expired.

Under 28 U.S.C. § 2244(d)(2), when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Here, Petitioner alleges that on March 26, 2017, he filed a N.Y. Crim. P. L. § 440.10 motion in the New York Supreme Court, Bronx County, and on December 12, 2017, the trial court denied the motion. Petitioner does not state that he appealed that decision. Thus, based on the facts alleged, this motion tolled the limitation period for only 261 days, an insufficient amount of time, because the petition appears to be 654 days late.

**B.      Leave to Show Cause**

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time-barred. Petitioner should include in the declaration a listing of (1) the dates he filed any and all postconviction applications in the state courts challenging this conviction, (2) when any postconviction applications were

decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

Moreover, Petitioner must state which claims he brings in this action, as he does not state his federal *habeas corpus* grounds. A state prisoner must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated. The Court therefore directs Petitioner to state in his declaration whether he intends to litigate those claims that he raised in the state courts.

Petitioner also should allege any facts showing that he has been pursuing his rights diligently, and if relevant, that extraordinary circumstances prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. Petitioner is directed to file a declaration within sixty days of the date of this order showing why the petition should not be dismissed as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court shall review it, and if proper, shall order the Respondent to answer. If Petitioner fails to

3

comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 28, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|