```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| WARREN THOMAS,<br><br>                    Petitioner,<br><br>     -against-<br><br>MARK ROYCE,<br><br>                    Respondent. | 19-CV-6781 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Petitioner filed this action *pro se*. On August 28, 2019, the Court ordered Petitioner to show cause why the petition should not be dismissed as time-barred. (ECF No. 5.) Petitioner failed to file a submission in response to the August 28, 2019 order, and by order dated November 8, 2019, the Court dismissed the petition as time-barred. (ECF No. 6.)

By letter dated November 6, 2019, Petitioner informed the Court that he was unable to comply with the August 28, 2019 order because his facility "was shut down for eight days," and he requested an extension of time to do so. (ECF No. 8.) Thus, on November 26, 2019, the Court granted the request and vacated the order of dismissal and civil judgment. (ECF No. 9.)

On December 17, 2019, the Court received Petitioner's notice of appeal and motion for an extension of time to file a notice of appeal (ECF Nos. 10, 11), which he signed on December 2, 2019, challenging on the merits the Court's order of dismissal.

For the following reasons, Plaintiff's motion for an extension of time to file a notice of appeal is granted.

## DISCUSSION

Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within thirty days after entry of judgment. The district court may extend the time to file a notice of appeal, however, if a petitioner files a motion within thirty days of the expiration of the time to

file notice of appeal, and if the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

Here, Petitioner filed the motion for an extension of time within thirty days after the time to file the notice of appeal had expired. He asserts that he did not file the notice of appeal within the time required because he had only one hour "to search issues." (ECF No. 10.) Accordingly, for good cause shown, the Court grants Plaintiff's motion for an extension of time to appeal.

As the Court vacated its order of dismissal, the action remains open; this order has no effect on that ruling.[1]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court grants Plaintiff's motion for an extension of time to file a notice of appeal. (ECF No. 10.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 18, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[1] By order dated November 26, 2019, the Court vacated its order of dismissal and granted Petitioner an additional thirty days to show cause why the petition should not be dismissed as time-barred. (ECF No. 9.)