UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: __3/30/2023__

WARREN THOMAS,

                    Petitioner,

          -against-

MARK ROYCE,

                    Respondent.

1:19-cv-6781 (MKV)

OPINION AND ORDER DENYING
WITHOUT PREJUDICE PETITION
FOR A WRIT OF HABEAS CORPUS

MARY KAY VYSKOCIL, United States District Judge:

Warren Thomas, proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the New York Supreme Court, Bronx County Court, in which a jury found him guilty of criminal possession of a weapon in the second degree. For the reasons stated herein, the petition is denied without prejudice.

## **BACKGROUND**

The petition is wholly devoid of any information explaining the facts giving rise to petitioner's conviction or the reason he contends relief is warranted. Therefore, the Court takes judicial notice of Petitioner's underlying criminal case for purposes of the factual background underlying the Petition. *See* Fed. R. Evid. 201; *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 402 (2d Cir. 2003) ("[A] court may take judicial notice of state court records.").

On December 6, 2006, officers received an alert that shots had been fired near Tremont Avenue and Mount Hope Place in the Bronx, New York. *People v. Thomas*, 866 N.Y.S.2d 94, 2008 N.Y. Misc. LEXIS 3658, at *3-4 (Bronx Sup. Ct. June 26, 2008). Twenty minutes after the alert, Sergeant Brendan Rafter drove to the area to "see if he could find anyone associated" with the shots. *Id*. He spotted Petitioner Warren Thomas walking towards his vehicle and, when Thomas passed Sergeant Rafter, his "eyes widened." *Id*. Sergeant Rafter rolled his window down

and said "Sir, police, can I talk to you for a second?"  *Id.* at *4.  When Thomas began to fidget behind a minivan on the street, Sergeant Rafter opened his door and said either "Sir, police, hang on for a second" or "[s]top, police."  *Id.*  Thomas then exclaimed "[p]lease, no" and began to run. *Id.* at *5.  As Sergeant Rafter stepped out onto the sidewalk "he observed [Thomas] pull a pistol out of his pocket area . . . and throw it in the air, back over his head."  *Id.*  Thomas next "pulled a magazine out" and a few steps later "a handful of bullets," both of which he threw away from him. *Id.*  Thomas was apprehended and arrested.  *Id.*  At some point, Thomas may have incurred an injury to his eye, though it is unclear if the injury was preexisting.  *Id.* at *6 & n.3.  He was taken to the hospital where he was examined.  *See id.* at *6.

Following a jury trial in the Bronx Supreme Court, Thomas was found guilty of criminal possession of a weapon in the second degree and sentenced to twenty years to life.  [ECF No. 1] ("Pet.") at 1.

## PROCEDURAL HISTORY

Thomas filed this habeas petition on July 19, 2019.  [ECF No. 1].  The case was assigned to Judge McMahon, who directed Thomas to supply more information establishing the timeliness of his petition.  [ECF No. 5].  When he failed to do so, Judge McMahon dismissed the petition. [ECF No. 6].  After Thomas requested an extension to respond to the order [ECF No. 8], which was granted [ECF No. 9], he filed a letter establishing the timeliness of his petition.  [ECF No. 13].

In June 2020, the case was reassigned to this Court, which issued an order construing the petition as "raising the grounds perfected in Petitioner's direct appeal" and ordering Respondent to answer the petition [ECF No. 18], which Respondent did.  [ECF No. 21].

## DISCUSSION

A state prisoner seeking habeas corpus relief under Section 2254 must submit a petition that conforms to the Rules Governing Section 2254 Cases.  Rule 2(c) of those rules requires a petition to specify all of the petitioner's available grounds for relief, setting forth the facts supporting each ground, and stating the relief requested.  A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

The present Petition does not conform to the requirements of Rule 2(c) because it fails to specify *any* facts supporting Petitioner's grounds for relief, and indeed contains almost no information at all.  The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).  However, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

The Court previously construed Petitioner's application as "raising the grounds perfected in Petitioner's direct appeal and raised in his motion to vacate his judgment under N.Y. C.P.L. § 440.10." [ECF No. 18].  Petitioner states in his Petition that his direct appeal raised the following grounds: "illegal search and seizure, no probable cause for stop, prosecution misconduct and hearing court abused its discretion in not hearing all the facts, also my rights to confrontation, and statements."  Petition at 3-4.  Petitioner states that the grounds raised in his New York Criminal Procedure Law Section 440 motion to vacate the judgment were "ineffective assistance of counsel and prosecution's misconduct, rights to confrontation, and tampering with

witnesses, and statements, Brady material, illegal search and seizure, and no probable cause for illegal stop."  Petition at 4.

In his reply in further support of the Petition, Petitioner asserts that, "[t]o be precise," he is arguing "that his trial counsel was constitutionally ineffective by failing to object to the People's expert Doctor" and that his Fourth Amendment rights were violated when the state trial court did not suppress evidence of his possession of a firearm.  [ECF No. 24] ("Reply") at 8, 10. The Court will briefly address the two points Petitioner specifically raises in his reply, but will not address any other possible ground perfected in his direct appeal or motion to vacate because the Court is uncertain which of those grounds, if any, Petitioner intends to pursue, and what facts, if any, he contends support a ground for relief here.  However, the Court grants Petitioner leave to file an amended petition that conforms to the requirements of Rule 2(c) and addresses any additional basis for relief.

**A.  Insufficient Information Exists to Review Petitioner's Sixth Amendment Claim**

Petitioner contends that "his trial counsel was constitutionally ineffective by failing to object to the People's expert Doctor, who did not examine or treat Petitioner's eye injury." Reply at 8.  Accordingly, Petitioner believes that because "the jury did not hear evidence from the actual medical Doctor," the failure resulted in a "substantial and injurious influence in determining the jury verdict," which, but for the failure, "would have been [d]ifferent.  Reply at 8-9.

The Court must "refuse to review" a claim that has been denied by a state court on proper procedural grounds, "[a]ssuming that the independent state procedural bar is adequate to support the judgment and not excused by a showing of either cause and prejudice or a fundamental miscarriage of justice."  *Jimenez v. Walker*, 458 F.3d 130, 145 & n.18 (2d Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)).  If the last state court to address a federal-law

claim disposes of it on a "state law ground that is 'independent of the federal question and adequate to support the judgment,'" *Cone v. Bell*, 556 U.S. 449, 465 (2009), a federal habeas court may not review that claim unless the petitioner demonstrates *both* cause for his default *and* prejudice, or else establishes that a failure to address the claim would constitute a fundamental miscarriage of justice. *See id.* (quoting *Coleman*, 501 U.S. at 729); *see also Jimenez*, 458 F.3d at 136.

Petitioner did not raise his Sixth Amendment ineffective assistance of counsel claim on direct appeal. [ECF No. 21-14] ("CPL 440 Op.") at 6-7. Accordingly, Justice Adler denied Petitioner's motion under New York Criminal Procedure Law Section 440.10(2)(c) which provides that a court "must deny a motion to vacate a judgment" when, notwithstanding "sufficient facts" for adequate review, "no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him." The Appellate Division First Department thereafter denied Petitioner leave to appeal the denial of his motion to vacate. [ECF No. 21-15]. A state procedural rule can qualify as an adequate and independent state-law ground requiring this Court to "refuse to review" a claim. *See Harris v. Reed*, 489 U.S. 255, 260-61 (1989). It is well established that Section 440.10(2)(c) is a procedural bar that is an independent and adequate state law barring federal habeas review. *See e.g., Clark v. Perez*, 510 F.3d 382, 390–91 (2d Cir. 2008). Petitioner does not allege any facts explaining the cause of his default or the prejudice resulting from it, nor does he establish that a failure to address the claim would constitute a fundamental miscarriage of justice. Accordingly, the Court cannot, on the current Petition, review Thomas' ineffective assistance of counsel claim as grounds for relief.

**B. The Court Cannot Review Petitioner's Fourth Amendment Claim**

It is well established that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Following *Stone*, the Second Circuit has instructed that a court may review Fourth Amendment claims in a habeas proceeding "only in one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

On the face of the Petition, neither exception applies here. Petitioner had an opportunity to litigate his Fourth Amendment claim, and indeed did litigate the claim. In the underlying state court action, Petitioner challenged the seized firearm as the fruit of unjustified questioning. [ECF No. 21-6]. The trial court ordered a *Mapp* hearing to determine whether suppression of evidence obtained pursuant to the seizure of the challenged evidence by the police officers was constitutionally warranted. *See Mapp v. Ohio*, 367 U.S. 643 (1961). Following that hearing, Petitioner's motion to suppress was denied. [ECF No. 21-6] at 17. The determination appears to be dispositive. A *Mapp* hearing provides a full and fair opportunity to litigate a Fourth Amendment violation. *See Baker v. Bennett*, 235 F.Supp.2d 298, 307 (S.D.N.Y. 2002) (finding *Mapp* hearing provided petitioner with full and fair opportunity to litigate Fourth Amendment claim in state court). "[O]nce it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim . . . the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief." *Graham*

*v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002).  Petitioner does not suggest that he was precluded from availing himself of corrective procedures to redress his alleged Fourth Amendment violation.  For that reason, and because the Petition contains no information regarding Petitioner's Fourth Amendment grounds for relief, the Court cannot at this stage review the claim.

## **CONCLUSION**

Petitioner is directed to file an amended petition containing information regarding the grounds for relief and the facts supporting his argument.  The amended petition must be submitted to the Clerk's Office within sixty days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order.  An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order which Petitioner should complete with the additional information specified above.  If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

**SO ORDERED.**

**Date:  March 30, 2023**
**New York, NY**

_Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**

✎AO 241                                                                                                           Page 2
(Rev. 10/07)

**CO GP F GF**   **PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
                 **HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted)      Respondent (authorized person having custody of petitioner) |
|---|
| v. |

| The Attorney General of the State of |
|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:


    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence:

4.  In this case, were you convicted on more than one count or of more than one crime?      ❏ Yes      ❏ No

5.  Identify all crimes of which you were convicted and sentenced in this case:



6.  (a) What was your plea? (Check one)

                    ❏  (1)     Not guilty          ❏  (3)     Nolo contendere (no contest)

                    ❏  (2)     Guilty              ❏  (4)     Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

     ❒   Jury   ❒   Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ❒   Yes   ❒   No

8.     Did you appeal from the judgment of conviction?

     ❒   Yes   ❒   No

9.     If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❒   Yes   ❒   No

     If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ❒  Yes    ❒   No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.      Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?          ❒  Yes        ❒   No

11.      If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes    ❒  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏   Yes    ❏   No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes     ❏  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:     ❏  Yes     ❏  No

(2)  Second petition:    ❏  Yes     ❏  No

(3)  Third petition:     ❏  Yes     ❏  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

✎AO 241
(Rev. 10/07)

(c)       **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏ Yes     ❏ No
(4) Did you appeal from the denial of your motion or petition?     ❏ Yes     ❏ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏ Yes     ❏ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)        **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ❑   Yes        ❑   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)        **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

              ❑   Yes        ❑   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?　　　　　❑　Yes　　❑　No

(4) Did you appeal from the denial of your motion or petition?　　　❑　Yes　　❑　No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　❑　Yes　　❑　No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)　　**Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)        **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?            ❒ Yes        ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)        **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒ Yes        ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                        ❒ Yes        ❒ No

(4) Did you appeal from the denial of your motion or petition?                                ❒ Yes        ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❒ Yes        ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?       ❒  Yes       ❒  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ❒  Yes       ❒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ❏  Yes    ❏  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ❏  Yes    ❏  No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ❏  Yes    ❏  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?           ❑  Yes        ❑   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?           ❑  Yes        ❑   No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

     (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.